**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company incorporated in the State of Iowa;** | ) ) ) | |
| | ) ) | **CIVIL ACTION NUMBER** |
| **Plaintiff,** | ) ) | |
| **V.** | ) ) | **2:05 -CV-01108-MEF** |
| **ARNBERG & ALLEN CONSTRUCTION, L.L.C.; STEPHEN D. ARNBERG, JIM ALLEN, MICHAEL O. LUNSFORD and DEBRA O. LUNSFORD.** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## MOTION TO COMPEL DISCOVERY RESPONSES

Come now Defendants Arnberg & Allen Construction, L.L.C. and Jim Allen ("Defendants"), pursuant to Fed. R. Civ. P. 37, and move this Court for an order compelling Plaintiff Employers Mutual Casualty Company ("EMCC") to respond to the discovery requests identified herein. The undersigned certifies that he has in good faith conferred with counsel for EMCC in an effort to secure responses to its discovery, as described below. As further grounds for this motion, Defendants state as follows:

1.      On May 9, 2006, Defendants served upon EMCC Defendants' First Set of Interrogatories and Request for Production of Documents and Things to Plaintiff. Attached hereto as Exhibit A is a copy of that discovery.

2.      On June 7, 2006, the undersigned counsel for Defendants granted EMCC an additional thirty days in which to provide responses. Attached hereto as Exhibit B is a letter from EMCC's attorney confirming this agreement.

3.    EMCC did not respond to these discovery requests within the agreed time.  The undersigned counsel has spoken with counsel for EMCC on at least two occasions since that time regarding the pending discovery responses.  On these occasions, the undersigned has been assured that discovery responses would be forthcoming.  To date, Defendants have not received any responses to the outstanding discovery.

4.    On the morning of October 24, 2006, the undersigned received the letter from EMCC's counsel attached hereto as Exhibit C.[1]  In this letter, EMCC stated, for the first time, that there is "no coverage" under the EMCC policies at issue in this declaratory judgment action, and that EMCC intended to immediately file a motion for summary judgment in this action. There is no indication in this letter, or any other communication from EMCC, that EMCC intends to provide any response to the outstanding discovery.

WHEREFORE, Defendants Arnberg & Allen Construction, LLC and Jim Allen request that this Court enter an order compelling Plaintiff Employers Mutual Casualty Company to fully respond to the Defendants' First Set of Interrogatories and Request for Production of Documents and Things which were served upon it on May 9, 2006.  In addition, Defendants request that the Court award their reasonable expenses and attorneys' fees incurred by Defendants in preparing this motion, to the full extent allowed by Fed. R. Civ. P. 37(a)(4).

Respectfully submitted this 25th day of October, 2006,


/s/ Richard H. Allen _____
Richard H. Allen        (ALL003)

Attorney for Defendants Arnberg & Allen
Construction, L.L.C and Jim Allen

---

[1]    A mediation in the underlying civil action (*Michael Lunsford, et al v. Arnberg & Allen Construction, L.L.C., et al.,* In the Circuit Court of Elmore County, Alabama, Case No. CV-2005-302) was scheduled for October 24, 2006.

OF COUNSEL:

**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
(334) 241-8000

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to the following:

James A. Kee, Jr.
Cynthia A. Martin
Kee & Selby
1900 Internal Park, Suite 220
Birmingham, AL 35243

Robert J. Russell, Jr., Esq.
Parnell & Crum, P.A.
641 S. Lawrence St.
Montgomery, AL 36104

/s/ Richard H. Allen_____
Of Counsel

3

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL CASUALTY** | ) | |
| **COMPANY, an insurance company** | ) | |
| **incorporated in the State of Iowa;** | ) | |
| | ) | **CIVIL ACTION** |
| | ) | **NUMBER** |
| **Plaintiff,** | ) | |
| | ) | **2:05 -CV-01108-MEF** |
| **V.** | ) | |
| | ) | |
| **ARNBERG & ALLEN CONSTRUCTION,** | ) | |
| **L.L.C.; STEPHEN D. ARNBERG;** | ) | |
| **JIM ALLEN, MICHAEL O. LUNSFORD** | ) | |
| **and DEBRA O. LUNSFORD.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANTS' FIRST SET OF INTERROGATORIES
### AND REQUESTS FOR PRODUCTION
### OF DOCUMENTS AND THINGS TO PLAINTIFF

Defendants Arnberg & Allen Construction, L.L.C., and Jim Allen (collectively, the "Defendants") propound the following Interrogatories and Requests for Production of Documents to Plaintiff Employers Mutual Casualty Company ("EMCC") pursuant to the provisions of the Federal Rules of Civil Procedure.

### DIRECTIONS

1.     Responses to Interrogatories and Requests for Production are to be provided within thirty (30) days from the date of the service in accordance with the Federal Rules of Civil Procedure.

2.     Responses are to be supplemented and additional documents and materials produced if such information requested become available to you.  Defendants request that you

S-2-06

update your responses promptly to reflect any information obtained or received after the initial responses, so that they include all information obtained up to and including the trial of this case.

3.    If any request for documents is deemed to call for the production of privileged materials or materials protected from disclosure by the work product doctrine or otherwise, please provide a list containing the following information:

      (a)    type of document;
      (b)    date of document;
      (c)    title of document;
      (d)    author of document;

4.    If any documents requested are unavailable or have been destroyed, list each such document and describe when and why it became unavailable, or when and why it was destroyed.

5.    If you object to any of these Requests for Production or Interrogatories, you are requested to respond to that part of each request or interrogatory that you do not consider objectionable and separately identify the part of each request or interrogatory to which objection is made and identify the grounds for such objection.

6.    Documents produced in response to Requests for Production shall be identified and produced by reference to the specific request number or subpart to which the documents are responsive.  Materials to be produced for inspection and copying are to be produced at the offices of Capell & Howard, P.C., 150 South Perry Street, Montgomery, Alabama 36104 or at such other location as may be mutually agreed upon by the parties, within thirty days from the date of service, or such shorter time as may be ordered by the Court.  Alternatively, you may send copies of the material requested with your answers to these Requests for Production.

## DEFINITIONS

1.    The term *"you"* or *"your"* shall mean and refer to Employers Mutual Casualty Company, its attorneys, employees, agents, subsidiaries, affiliates and other representatives.

2.      The term *"document"* is used in a comprehensive sense as contemplated by the applicable Federal Rules of Civil Procedure and means the original and any copy of any written, recorded, transcribed, printed, or impressed matter of whatever kind, however produced or reproduced, including, but not limited to, sound recordings, computerized information, books, pamphlets, letters, memoranda, telegrams, contracts, agreements, electrical or mechanical transmissions, manuals, instructions, interoffice communications or memoranda, communications of all kinds, receipts, invoices, canceled checks, reports, operating statements, working papers, handwritings, notes, charts, papers, data, summaries, tax returns, schedules, audits, writings, paintings, photographs, transcriptions, tapes, tape recordings, and records of all kinds, which are in your possession, custody or control.

3.      *"Identify,"* when used with respect to a document, means to describe the document with sufficient particularity to withstand valid objections to such description appearing in a *subpoena duces tecum* or request or motion for production of such document, including, but not limited to, the type of document (*i.e.*, "letter"), date, and author.

4.      *"Describe,"* when used with respect to any oral communication or statement, means to identify each and every person present or who engaged therein, and the substance of what was said; the date and time of such oral communications or statements; and where each person was when such oral communications or statements were made.

5.      As used herein, the terms *"communication"* and *"communications"* refer to and include, but are not limited to, the transmission of a word, statement, fact, thing, idea, document (as defined above), instruction, demand, or question.

6.    As used herein, the term "Claims" refers to any and all claims or demands arising or related in any way to the matter styled *Michael O. Lunsford, et al. v. Arnberg & Allen Construction, L.L.C., et al.,* in the Circuit Court of Elmore County, Alabama, CV-05-302.

## INTERROGATORIES

1.    State your full name, principal place of business and state of incorporation (or country if you are not a domestic insurer).

**Response:**

2.    Identify by policy name and number each Policy of insurance issued by you to Defendants up to the present including, but not limited to, any Builder's Risk policy not previously disclosed in your Complaint.

**Response:**

3.    For each Policy please state the following information:

   (a)    premium paid by Defendants;

   (b)    Policy period;

   (c)    all claims made against the Policy;

   (d)    all claims allowed against the Policy;

   (e)    all claims disallowed against the Policy;

   (f)    identify each broker or agent who was involved in the placement and/or issuance of the Policy.

4

**Response:**

4.     Please state when and how you were notified of each of the Claims and identify each such notification.

**Response:**

5.     Do you contend that the notice referred to in Paragraph 4 hereof was untimely? If so, explain fully the factual and legal basis for your contention.

**Response:**

6.     Do you contend that you were prejudiced by any notice or lack of notice concerning the Claims? If so, explain fully the factual and legal basis for your contention.

**Response:**

7.     Please identify each action you took following receipt by you of notification(s) of each of the Claims.

**Response:**

8.     If you deny the duty to defend Defendants in connection with any of the Claims, explain fully each basis (including specifically, Policy language, Policy exclusion, etc.) for your position and specifically identify all information (documents, data, etc.) upon which you relied in making your decision.

**Response:**

9.     Identify each document in which you have communicated with Defendants.

**Response:**

10.    If you deny the duty to indemnify Defendants in connection with any of the Claims, explain fully each basis (including specifically Policy language, Policy exclusion, etc.) for your position and specifically identify all information (documents, data, etc.) which you relied upon in making your decision.

**Response:**

11.    Identify each person who made or participated in the decision to deny coverage, deny defense and/or reserve rights in connection with each Claim and state when and where such decision(s) was made.

**Response:**

12.     How were Defendants notified of each decision described in Paragraph 11 hereof? If by letter or other document, please identify it.

**Response:**

13.     For each Policy provision (i.e., including Policy language, exclusion, endorsement, exception, addenda, rider, etc.) relied upon by you in denying defense, and/or indemnity, and/or reserving your rights in connection with any Claim:

(a) Identify the draft(s) of the language of such provision;

(b) Identify all documents explaining the scope, meaning, interpretation and/or purpose of such provision and/or giving examples of events covered and/or not covered by such provision (i.e., adjusters manuals, claims processing manuals, drafts of language, minutes of drafting committee, ISO, etc.);

(c) Identify all documents submitted to or filed by you with any state of the United States concerning such provision;

(d) Identify each lawsuit in which you have been a party at any time since January 1, 2000 which involved the construction and/or meaning and/or applicability of such provision by giving the caption, parties, court(s), docket number(s), date commenced and date terminated and disposition.

**Response:**

14.     What state's law do you contend should apply to the construction of each Policy issued by you to Defendants? What facts and/or Policy provisions do you rely upon in your contention?

**Response:**

7

15.     Have you investigated any of the Claims? If so, please identify each person who participated in each such investigation, state when such investigation took place, state the results of such investigation, and identify all documents referring to, memorializing and/or summarizing each investigation and/or the results thereof.

**Response:**

16.     If you contend that any of the Claims occurred before or after the periods when any Policy issued by you was in effect, state each and every basis for your contention.

**Response:**

17.     If you contend that any activities of Defendants bar a request by Defendants to you to defend or indemnify it under any of the Policies, state each and every basis for your contention.

**Response:**

18.     If you contend that the events giving rise to any of the Claims were neither sudden nor accidental, state each basis for your contention and identify each document relied upon by you in making such contention.

8

**Response:**

19.    If you contend that the underlying Claims do not arise out of an occurrence or accident as those terms are used in any Policy issued by you to Defendants, state each basis for your contention and state how those terms are used in each such Policy.

**Response:**

20.    If you contend that the Claims do not arise out of bodily injury, personal injury or property damage as those terms are used in any Policy issued by you to Defendants, state each basis for your contention and state how those terms are used in each such Policy.

**Response:**

21.    If you contend that there is no coverage under any of your Policies because the Claims arise out of damage to property owned, occupied or rented by Defendants or in the care, custody or control of Defendants or as to which Defendants exercised physical control, state the basis for your contentions and identify each document relied upon by you.

**Response:**

22.    If you contend that Defendants failed to comply with any of the terms of any of your Policies, please identify each instance of noncompliance and set forth how you were prejudiced and/or damaged by such failure.

**Response:**

23.    If you contend Defendants failed to comply with any of the conditions of any of your Policies, please identify each breach of the conditions by Defendants, stating with particularity and in detail the nature of the breach, the Policy provision breached, each Policy containing such provision and the manner in which you have been prejudiced and/or damaged by such breach.

**Response:**

24.    Identify any other breach by Defendants of any of our Policies as well as each Policy involved.

**Response:**

10

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents referenced in your Answers to the Interrogatories.

2.      All policies and/or related documents issued by you to Defendants which have not already been filed in this action.

3.      Any and all correspondences between you and Defendants.

4.      Any and all other documents in your possession or control which relate in any to the Defendants or the Claims.

Respectfully submitted,

Richard H. Allen      (ALL003)

Attorney for Defendants Arnberg & Allen
Construction, L.L.C and Jim Allen

OF COUNSEL:

**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
(334) 241-8000

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the above and foregoing upon the following:

James A. Kee, Jr.
Cynthia A. Martin
Kee & Selby
1900 Internal Park, Suite 220
Birmingham, AL 35243

Robert J. Russell, Jr., Esq.
Parnell & Crum, P.A.
641 S. Lawrence St.
Montgomery, AL 36104

by depositing a copy of same in United States mail, first-class postage prepaid and properly addressed on this the _____ day of May, 2006.

_____
Of Counsel

# EXHIBIT B

# KEE & SELBY, LLP

### ATTORNEYS AT LAW

1900 INTERNATIONAL PARK DRIVE
SUITE 220
BIRMINGHAM, ALABAMA 35243

WEB SITE: WWW.KEESELBY.COM

JAMES A. KEE, JR
DAVID L. SELBY II
TIMOTHY W. KNIGHT
JON M. HUGHES
ANGELA C. SHIELDS
CYNTHIA A. MARTIN
LUDY W. JORDAN

TELEPHONE: (205) 968-9900
FACSIMILE: (205) 968-9909

DIRECT DIAL: (205) 986-5521
E-MAIL: CM@KEESELBY.COM

June 7, 2006

<u>Via facsimile (334) 241-8219</u>

Mr. Richard H. Allen
Capell Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102-2069

RE:   EMCC v. Arnberg & Allen Construction, LLC, et. al
      Our File No.:  0096-726

Dear Richard:

   Thank you for allowing additional time for EMCC to respond to your clients' discovery requests.  As we discussed, we will have the responses to you within the next 30 days.

Sincerely,

Cynthia A. Martin

JAKjr/cm

# EXHIBIT C

# KEE & SELBY, LLP

### ATTORNEYS AT LAW

1900 INTERNATIONAL PARK DRIVE
SUITE 220
BIRMINGHAM, ALABAMA 35243

WEB SITE: WWW.KEESELBY.COM

JAMES A. KEE, JR
DAVID L. SELBY II
TIMOTHY W. KNIGHT
JON M. HUGHES
ANGELA C. SHIELDS
CYNTHIA A. MARTIN
LUCY W. JORDAN

TELEPHONE: (205) 968-9900
FACSIMILE: (205) 968-9909

DIRECT DIAL: (205) 968-9907
E-MAIL: JK@KEESELBY.COM

October 23, 2006

Via Facsimile (334) 365-1601

Louis C. Colley
Cleveland & Colley
P.O. Box 680689
Prattville, Alabama 36068

RE:   Lunsford v. Arnberg & Allen Construction, LLC. et. al
      Our File No.:  0096-726

Dear Mr. Colley:

We were recently informed of the mediation you will be conducting on October 24, 2006 in the above referenced matter. This firm represents Employers Mutual Casualty Company ("EMCC") the purported insurer for Arnberg & Allen Construction, LLC. This correspondence is to inform you that there is no coverage under EMCC's policies for this claim. EMCC has a declaratory judgment action currently pending (initiated November 18, 2005) and we intend to file the attached motion for summary judgment today or tomorrow.

We will not attend the mediation, however, should you have any questions you may reach me by telephone during the day tomorrow.

Sincerely,

James A. Kee, Jr.

JAK/
Cc: Richard Allen
    Robert Russell, Jr.
    Todd Derrick