# Exhibit 3

IN THE CIRCUIT COURT OF ELMORE COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL O. LUNSFORD and<br>DEBRA O. LUNSFORD<br><br>    Plaintiffs,<br><br>v.<br><br>ARNBERG & ALLEN CONSTRUCTION, LLC;<br>STEPHEN D. ARNBERG, individually,<br>and as a member of Arnberg & Allen<br>Contruction, LLC; JIM ALLEN,<br>individually, and as a member of<br>Arnberg & Allen Construction, LLC;<br>DEFENDANTS A,B,C, whose names are<br>unknown at this time but will be<br>added when ascertained; DEFENDANTS<br>D,E,F, whose names are unknown at<br>this time but will be added when<br>ascertained; DEFENDANTS G,H,I,<br>whose names are unknown at this<br>time but will be added when<br>ascertained; DEFENDANTS J,K,L,<br>whose names are unknown at this<br>time but will be added when<br>ascertained;<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    CASE NO. CV-2005-302<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Parties

1. Michael O. Lunsford, Plaintiff, is a United States citizen and a resident of Elmore County, Alabama.

2. Debra O. Lunsford, Plaintiff, is a United States citizen and a resident of Elmore County, Alabama.

3. Arnberg & Allen Construction, LLC, hereinafter "Defendant AAC," is an Alabama limited liability company operating in and around Elmore County, Alabama.

1

4. Stephen D. Arnberg, hereinafter "Defendant Arnberg," individually and as a member of Arnberg & Allen Construction, LLC, is a United States citizen and a resident of Elmore County, Alabama, and an officer, director, shareholder, partner, manager or sole proprietor of Arnberg & Allen Construction, LLC.

5. Jim Allen, hereinafter "Defendant Allen," individually and as a member of Arnberg & Allen Construction, LLC, is a United States citizen and a resident of Elmore County, Alabama, and an officer, director, shareholder, partner, manager or sole proprietor of Arnberg & Allen Construction, LLC.

6. Defendants A, B, and C, the persons, firms, corporations, or other business entity responsible for the design and/or drawing of the house which is the subject of this lawsuit.

7. Defendants D, E, and F, the persons, firms, corporations, or other business entity responsible for the supervision of the subcontractors performing work on the house made the basis of this suit.

8. Defendants G, H, and I, the persons, firms, corporations, or other business entity responsible for designing and/or recommending the type foundation used in the construction of the house forming the basis of this suit.

9. Defendants J, K, and L, the persons, firms, corporations, or other business entity responsible for the construction of the foundation of said house and surrounding porches and retaining walls, forming the basis of this suit.

### Facts

10. On or about the 13th day of February, 1999, Michael Lunsford and his wife, Debra Lunsford (hereinafter referred to collectively as "Plaintiff"), entered into a contractual relationship with Arnberg & Allen Construction, LLC (hereinafter referred to as "Defendant 1"), for the construction of a personal residence located at Lot 3, Walnut Point Plat 3, Emerald Mountain in Wetumpka, Alabama. Said contract reflected that the Plaintiff was to pay to the Defendant the sum of $364,481 for and in consideration of the construction of the dwelling described on the plans and specifications and as generally described in contract book.

The Defendant(s) undertook the construction of the house and selected and provided various sub-contractors to perform the actual work. The house was completed February 18, 2000. On or about March of 2000, Plaintiff noticed cracking on the porch surface and in December of 2000, cracking around some of the windows in the house. Later in 2000, additional cracking occurred in the joints

3

of the brick veneer.

Plaintiff notified Defendant during the warranty period of said cracks and assurances of repairs were given.

Over a period of the next three years, Defendants Allen and Arnberg did continue inspecting the house as the situation worsened and did hire a structural engineer. Defendants Allen and Arnberg stated to the Plaintiff on numerous occasions that the engineer was still looking at the problems, but that the problem would be corrected. However, said problem was not corrected and the Defendants' only response within the last year has been to a complaint filed with the Homebuilders Liscensure Board where Defendant Allen was ordered to pay the sum of $2,000 to the Board as a fine. Pursuant to said fines, certain conclusions of liability were made by the liscensing board finding incompetence on the part of Defendant AAC.

## COUNT I - NEGLIGENCE

Plaintiffs adopt by reference Paragraphs 1 - 10 above as if fully set out herein, and further allege as follows:

11. That the Defendants had a duty to construct said house in a reasonable and prudent manner and according to industry standards in the area. The Defendants breached said duty

4

which proximately resulted in the cracking of the foundation and damage to the exterior and interior of the Plaintiffs' home.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and emotional distress in an amount exceeding the jurisdictional requirement of this Honorable Court and according to a struck jury in this cause.

### COUNT II - FRAUD

Plaintiffs adopt by reference Paragraph 1 - 11 above as if fully set out herein, and further allege as follows:

12. That Defendant Arnberg & Allen Construction, LLC, Defendant Allen, individually, and Defendant Arnberg, individually, made material and <u>intentional</u> misrepresentations to the Plaintiffs regarding the Defendants return and repair of the problems associated with the Plaintiffs' house, as he assured the Plaintiffs on numerous occasions that the Defendants, or a representative of Defendant I, would return to the house and make the repairs as needed. Defendants knew said representations were false and that the Plaintiffs would rely on said misrepresentations to their detriment. Said misrepresentations and the Plaintiffs' reliance thereon resulted in financial and emotional damage to the Plaintiffs.

5

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages in amounts exceeding the jurisdictional requirements of this Court.

### COUNT III - BREACH OF CONTRACT

Plaintiffs adopt by reference Paragraphs 1 - 12 above as if fully set out herein, and further allege as follows:

13. The Plaintiffs and Defendant AAC entered into a contractual agreement on the 13th day of February, 1997. The Defendants breached said agreement causing financial and emotional distress and injury to the Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and for emotional distress in amounts exceeding the jurisdictional requirements of this Court and according to a struck jury.

### COUNT IV - NEGLIGENCE

Plaintiffs adopt by reference Paragraphs 1 - 13 above as if fully set out herein, and further allege as follows:

14. That Defendants A, B, and C, negligently designed the house forming the basis of this suit, which resulted in damage and devaluation of the house, causing the Plaintiffs financial harm and emotional distress.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and for emotional distress in amounts

exceeding the jurisdictional requirements of this Court and according to a struck jury.

## COUNT V - NEGLIGENT SUPERVISION

Plaintiffs adopt by reference Paragraph 1 - 14 above as if fully set out herein, and further allege as follows:

15. That Defendants D, E, and F, negligently supervised the construction of the house forming the basis of this suit which resulted in damage and devaluation of the house, causing the Plaintiffs financial harm and emotional distress.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and for emotional distress in amounts exceeding the jurisdictional requirements of this Court and according to a struck jury.

## COUNT VI - NEGLIGENCE

Plaintiffs adopt by reference Paragraph 1 - 15 above as if fully set out herein, and further allege as follows:

16. That Defendants G, H, and I, did negligently design and/or recommend a foundation system for the house forming the basis of this suit. Said negligent design resulted in the failure of the home's foundation, which has caused financial devaluation of the house and financial and emotional harm to the Plaintiffs.

7

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory damages and for emotional distress in amounts exceeding the jurisdictional requirements of this Court and according to a struck jury.

### COUNT VII - BREACH OF EXPRESS WARRANTY

Plaintiffs adopt by reference Paragraph 1 - 16 above as if fully set out herein, and further allege as follows:

17. Defendant AAC expressly warrantied to the Plaintiffs in writing that the Plaintiffs' home would be free from defects for a period of one year from construction or occupancy. The Plaintiffs' home was, in fact, not free from defects. The Plaintiffs first occupied the home in February of 2000, and first notified Defendant AAC of defects in the structure of the residence during March of the same year, all well within their first year of occupying the home. Instead of thoroughly examining the cause of defects and problems, Defendant AAC assured the Plaintiffs that the defects and problems were the result of <u>normal events</u>, such as <u>settling of the soil</u>. Defendant AAC's failure to cure the defects in the residence is breach of the warranty given by Defendant AAC to the Plaintiffs. Defendant AAC refused to make the repairs, forcing the Plaintiffs to make the repairs in order to maintain the habitability of their home and to

8

prevent further damage to the home. Defendant AAC's refusal to cure the defects in the residence is in breach of the warranty given by Defendant AAC to the Plaintiffs. The Plaintiffs have suffered damages, which include, but are not limited to, substantial physical damage to the residence, loss of value of the residence, out-of-pocket expenses incurred in an attempt to remedy Defendant AAC's deficient performance, and mental anguish, resulting from Defendant AAC's breach of express warranty.

WHEREFORE, the Plaintiffs demand judgment against Defendant AAC in an amount of damages exceeding the jurisdictional limitations of this Court, plus interest and costs.

### COUNT VIII - BREACH OF IMPLIED WARRANTY

Plaintiffs adopt by reference Paragraph 1 - 17 above as if fully set out herein, and further allege as follows:

18. Defendant AAC constructed the Plaintiffs' home. The home was a new residence when first occupied by the Plaintiffs. Because the residence was a new residence, an implied warranty of habitability extended from Defendant AAC in favor of the Plaintiffs. The Plaintiffs' home as constructed and prepared by Defendant AAC was defective, which defective condition impaired the intended use of the residence by the Plaintiffs for habitation. The Plaintiffs were not aware of the

defective condition of their home and were not on notice of and could not have known of or reasonably discovered the defective condition of the home prior to or at the time they first occupied the residence. The defective condition of the residence as constructed and prepared by Defendant AAC breached the implied warranty of habitability for new homes. The Plaintiffs have suffered damages, which include, but are not limited to, substantial physical damage to the residence, loss of value of the residence, out-of-pocket expenses incurred in an attempt to remedy Defendant AAC's deficient performance, and mental anguish, resulting from Defendant AAC's breach of the implied warranty of habitability.

WHEREFORE, the Plaintiffs demand judgment against Defendant AAC in an amount of compensatory damages justified according to proof, plus interest and costs.

PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY

RESPECTFULLY SUBMITTED this the __20th__ day of June, 2005.

_____
Michael O. Lunsford, Plaintiff

_____
Debra O. Lunsford, Plaintiff

STATE OF ALABAMA
COUNTY OF MONTGOMERY

BEFORE ME, the undersigned authority, a Notary Public in and for said State and County, personally appeared Michael O. Lunsford and Debra O. Lunsford, who being known to me and after being duly sworn, depose and say that they have read the foregoing Complaint and that it was prepared at their direction, and that the averments set out therein are true and correct to the best of their knowledge, information and belief.

Sworn to and subscribed before me this the  20th  day of   June  , 2005.

[SEAL]

Vivian P. Smith
Notary Public
My Commission Expires: 10-21-07

OF COUNSEL:

Robert J. Russell, Jr.  (RUS020)
PARNELL & CRUM, P.A.
P. O. Box 2189
Montgomery, AL  36102-2189
(334) 832-4200
Attorney for Plaintiffs

11