IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO: 2:05 -CV-01108-MEF |
| V. | ) ) ) | |
| ARNBERG & ALLEN CONSTRUCTION, L.L.C.; STEPHEN D. ARNBERG, JIM ALLEN, MICHAEL O. LUNSFORD and DEBRA O. LUNSFORD. | ) ) ) ) ) | |
| Defendants. | ) | |

### EMPLOYERS MUTUAL CASUALTY COMPANY'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

COMES NOW Plaintiff, Employers Mutual Casualty Company ("EMCC"), and submits this its Memorandum Brief in Support of its Motion for Summary Judgment. EMCC is entitled to summary judgment in this matter as it does not owe a duty to defend nor indemnify Arnberg & Allen Construction, LLC (hereinafter "the Company") and/or Jim Allen (hereinafter "Allen")[1] for the claims asserted against them in the underlying

---

[1] On February 15, 2006, a default judgment was entered against defendant Stephen D. Arnberg (hereinafter "Arnberg"). The arguments asserted in this Brief against Allen apply equally to Arnberg. Accordingly, Arnberg is bound by the determination of this Court should the default ever be set aside.

1

action.[2] Accordingly EMCC is not required to satisfy any judgment and/or settlement entered against the Company and/or Allen in the underlying action nor to provide a defense to the Company and/or Allen in the underlying action.[3]

## I. SUMMARY OF UNDISPUTED FACTS

1. EMCC issued Commercial General Liability Policy Number 2D0-72-42 to the Company with effective policy dates of July 22, 1999 through January 1, 2000. This Policy was renewed with effective dates of January 1, 2000 through January 1, 2003. (hereinafter "the CGL Policy"). A true and correct copy of the Policy from effective dates July 22, 1999 through January 1, 2003 is attached to EMCC's Motion for Summary Judgment as Exhibit 1 and the provisions of the Policy are adopted and incorporated herein by reference.

2. EMCC issued Umbrella Policy Number 2J0-72-42 to the

---

[2] The underlying action is pending in the Circuit Court of Elmore County, Alabama styled, *Michael and Debra Lunsford v. Arnberg & Allen Construction, et. al*, docket number CV 05-302 ("the underlying action").

[3] EMCC submits that it is entitled to summary judgment based upon the facts alleged by the Lunsfords in their Complaint and the EMCC Policy's Earth Movement Exclusion and the policy period in the umbrella policy. While EMCC believes that this motion is due to be granted in its entirety, in the event the motion is not granted, EMCC will assert other policy provisions and offer additional grounds in support of summary judgment. No arguments are waived by focusing upon the Earth Movement Exclusion and policy period in this Motion.

Company with effective policy dates of January 24, 2002 through January 1, 2003. (hereinafter "the Umbrella Policy"). A true and correct copy of the Policy from effective dates January 24, 2002 to January 1, 2003 is attached to EMCC's Motion for Summary Judgment as Exhibit 2, and the provisions of the Policy are adopted and incorporated herein by reference.

3. This claim arises out of a lawsuit filed June 24, 2005 in the Circuit Court of Elmore County, Alabama. (Complaint in underlying action attached as Exhibit 3).

4. The underlying lawsuit was brought by Michael and Debra Lunsford against the Company, Arnberg and Allen regarding the construction of the Lunsford's home. (Complaint in underlying action attached as Exhibit 3).

5. According to the underlying complaint, on February 13, 1999, the Lunsfords entered into a contract with the Company to build the Lunsford's home. (Complaint in underlying action attached as Exhibit 3 at para 10.).

6. According to the underlying complaint, on February 18, 2000, the Lunsford's home was completed. (Complaint in underlying action attached as Exhibit 3 at para 10.).

7. According to the underlying complaint, on or about March 2000, the Lunsfords noticed cracking on the porch surface. (Complaint in underlying action attached as Exhibit 3 at para 10).

8. According to the underlying complaint, in December 2000, the Lunsfords noticed cracking around some windows in the house and additional cracking in the joints of the brick veneer. (Complaint in underlying action attached as Exhibit 3 at para 10).

9. According to the underlying complaint, in March 2000, Lunsfords' claim that they notified the Company of the alleged defects of the structure. (Complaint in underlying action attached as Exhibit 3 at para 17).

10. According to the underlying complaint, the company assured the Lunsfords "that the defects and problems were the result of normal events, such as **settling of the soil**." (Complaint in underlying action attached as Exhibit 3 at para 17).

11. On August 30, 2006, Rayford Smith inspected the Lunsford's home. In Mr. Smith's opinion, the damage to the Lunsford's home arises out of, was caused by, results from, was aggravated by or was related to settling or other movement of land. (Affidavit of Mr. Smith, attached as Exhibit 4).

4

## II. STANDARD OF REVIEW

A party is entitled to summary judgment when no genuine issue as to any material fact exists and the party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56. In ruling on a motion for summary judgment, a district court must perform a dual inquiry into the genuineness and materiality of any purported factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In Anderson, the United States Supreme Court explained that:

> By its very terms, [the summary judgment] standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise supported motion for summary judgment; the requirement is that there is no genuine issue of material fact.

Anderson, 477 U.S. at 247-48 (emphasis in original). "A court is not obligated to find that there is no conflict in the evidence; the court must merely find that there is not substantial evidence opposed to the moving party's position." Jones v. Miles Laboratories, Inc., 887 F.2d 1576, 1578 (11th Cir. 1989)(emphasis in original). Similarly, the Eleventh Circuit defines the summary judgment standard as one which requires that all reasonable doubts be decided in favor of the non-moving party but emphasizes that the standard does "not require [the court] to resolve all doubts in such manner." Barnes v. Southwest Forest Indus., 814 F.2d 607, 609 (11th Cir. 1987)(emphasis in original). In determining the

5

appropriateness of granting a summary judgment motion, the court "must bear in mind the actual quantum and quality of proof necessary <u>to support liability</u> in a given case." <u>Barnes</u>, 814 F.2d at 609. (emphasis added).

Summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element to the party's case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. <u>Celotex</u>, 477 U.S. at 322-23. <u>See also</u>, <u>Earley v. Champion Int'l Corp.</u>, 907 F.2d 1077, 1081 (11th Cir. 1990). Here, EMCC is entitled to summary judgment regarding its duties to defend and/or indemnify the Company and others in the underlying action.

## III. SUMMARY OF THE ARGUMENTS

**CGL Policy**

EMCC owes no duties to its insureds as the alleged "bodily injury" and/or "property damage" arose out of, was caused by, resulted from, aggravated by, or was related to settling or any other movement of land, earth or mud which is specifically excluded in the CGL policy.[4]

**Umbrella Policy**

EMCC owes no duties to its insureds as the alleged "bodily injury" and/or "property damage" was realized prior to the policy period and the alleged "bodily injury" and/or "property damage" arose out of, was caused by, resulted from, aggravated by, or was related to settling, slipping, falling away, shrinking, expansion, caving in, shifting, eroding, rising, tilting or any other movement of land, earth or mud which is specifically excluded in the policy.

---

[4] This motion is limited to the Earth Movement Exclusion, while EMCC believes that this motion is due to be granted in its entirety, in the event the motion is not granted, EMCC will assert other policy provisions and offer additional grounds in support of summary judgment. No arguments are waived by focusing upon the Earth Movement Exclusion in this Motion.

## IV. ARGUMENT

**I. EMCC OWES NO DUTIES UNDER THE CGL POLICY TO THE COMPANY AND/OR ALLEN AS THE ALLEGED "BODILY INJURY" AND/OR "PROPERTY DAMAGE" ARE PRECLUDED BY THE EARTH MOVEMENT EXCLUSION.**

The EMCC CGL Policy provides the following exclusion:

**Exclusion -Injury or Damage from Earth Movement.**

This insurance does not apply to "bodily injury", "property damage", "personal injury" and "advertising injury" **arising out of**,[5] caused by, resulting from, contributed to, aggravated by, or related to earthquake, landslide, mudflow, subsidence, settling, slipping, falling away, shrinking, expansion, caving in, shifting, eroding, rising, tilting or any other movement of land, earth or mud.

With respect to "bodily injury" and "property damage", this exclusion only applies to the "products-completed operations hazard."

In 1976, the Fifth Circuit analyzed an earth movement exclusion pursuant to Alabama law. Burton v. State Farm Fire and Cas. Co., 533 F.2d

---

[5] The language "arising out of" is very broad. See e.g. Taliaferro v. Progressive Specialty Ins. Co., 821 So. 2d 976 (Ala. 2001)(the term 'arising out of the use' in liability policies has generally been held to be a broad, comprehensive term meaning origination from, having its origin in, growing out, or flowing from); State Farm Fire and Cas. Co. v. Erwin, 393 So. 2d 996 (Ala., 1981), *citing*, State Automobile Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company, 456 F.2d 238, 239 (6th Cir. 1972)(The coverage in both policies, "arising out of the ownership, maintenance, or use ... of the owned automobile" is about as general and broad as could be written); Pacific Indem. Co. v. Run-A-Ford Co., 161 So. 2d 789 (Ala. 1964)(the words "arising out of" are broad, general and comprehensive, effecting broad coverage.)

8

177 (5th Cir. 1976). In Burton, the Court found that an "all risk" policy excluded damage to the insured's house when the front portion of the house and a portion of the front yard fell about one and one-half feet into a limestone sinkhole. The Fifth Circuit specifically found that the policy was not ambiguous under these facts and the insured's damage was caused by sinking and was excluded from the policy as a matter of law. The earth movement exclusion in Burton precluded from coverage loss "caused by, resulting from, contributed to or aggravated by any earth movement, including but not limited to earthquake, volcanic eruption, landslide, mudflow, earth sinking, rising or shifting . . . ." Burton v. State Farm Fire and Cas. Co., 533 F.2d 177 (5th Cir. 1976). Similar to Burton the EMCC policy precludes coverage here.

In 1993, the Alabama Supreme Court upheld the application of an earth movement exclusion in State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293 (Ala. 1993). Slade involved a homeowners policy and a claim involving a retaining wall that broke after it was struck by lightning, damaging the home. The engineering reports suggested that both lightning and earth movement caused the structural damage. The insurer's expert concluded that the cracking at the Slades' home was the result of "post-construction differential foundation settlement." The expert believed that improper soil compaction and faulty construction had caused the settlement.

9

The earth-movement exclusion provided:

> We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as the result of any combination of these:...b. Earth Movement, meaning the sinking, rising, shifting, expanding or contracting of earth, all whether combined with water or not. Earth movement includes, but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in SECTION I - ADDITIONAL COVERAGES, Volcanic Action.".

In <u>Slade</u>, the insurer denied the claim on the basis of the earth movement exclusion. The insureds brought several claims against insurer. As for the application of the earth movement exclusion, the <u>Slade</u> court wrote:

> The language in the Slades' policy unambiguously excludes the Slades' loss. The earth-movement exclusion is not reasonably susceptible to two or more constructions. The language of the policy specifically states that a covered loss, such as a loss resulting from lightning, is excluded from coverage if the loss would not have occurred without earth movement. According to the policy, earth movement means the "shifting of ... earth." The Slades' second theory of liability under the contract is that lightning caused the soil to shift or settle and that the shifting or settling resulted in the cracking in their home. According to the unambiguous terms of the contract, the Slades could not use this theory as a basis for contractual liability. . .

10

> The exclusion in the Slades' policy is not limited to movement caused by natural events. It states that loss caused by earth movement is excluded regardless of the cause of the earth movement, "whether other causes acted concurrently or in any sequence with [earth movement]," or whether the earth movement arose from "natural or external forces." The exclusion also states that earth movement includes "the shifting ... of earth," . . . Therefore, we conclude that the earth-movement exclusion in the Slades' policy is unambiguous.

The Slades also argued that even if the earth-movement exclusion is unambiguous, it is unenforceable because it defeats the reasonable expectations of the parties. The Court analyzed this argument and found that this argument was without merit.

The allegations in the underlying case are that the Lunsford's front porch is separating from his home and the Lunsford's porch, and the windows and brick veneer are cracking. (Complaint in underlying action attached as Exhibit 3 at paras 10, 17). These damages arise out of the settlement of the soil. (Affidavit of Rayford Smith attached as Exhibit 4). The Lunsfords assert that the Company has admitted "that the defects and problems were the result of normal events, such as settling of the soil." (Complaint in underlying action attached as Exhibit 3 at para 17). EMCC's motion for summary judgment should be granted.

In Hoang v. Monterra Homes, LLC, 129 P.3d 1028 (Col. 2005), The Colorado Court of Appeals found that an earth movement exclusion identical to EMCC's exclusion in this matter, applied to preclude a

11

homeowner's claim against the home builder regarding damage to the home relating to soil problems. The Appellate Court specifically found that the trial court erred in failing to give effect to the "earth movement" exclusion contained in the policies because the plain language of the policies unambiguously excluded coverage for "any" expansion or other movement of land, earth or mud. Hoang, 129 P.3d at 1036. The court rejected the trial court's distinction for "naturally occurring" land, earth or mud as opposed to "artificial fill" placed under the homes. Hoang, 129 P.3d at 1036.

In this matter, the undisputed evidence is that the Lunsfords' alleged damage arises out of, is caused by, results from, or is related to settling or any other movement of land, earth or mud. The damages caused by settling are excluded by EMCC's policy. Accordingly, EMCC owes no duties to the Company and/or Allen in the underlying action.

## II. EMCC OWES NO DUTIES UNDER THE UMBRELLA POLICY TO THE COMPANY AND/OR ALLEN AS THE ALLEGED "BODILY INJURY" AND/OR "PROPERTY DAMAGE" WAS KNOWN PRIOR TO THE POLICY PERIOD.

The umbrella policy was not effective until January 24, 2002. (Umbrella Policy attached as Exhibit 2). The Lunfords admit in their complaint that they first noticed cracking in their porch (the basis of this claim) in March 2000 and notified the company of said problems in March

2000. (Complaint in underlying action attached as Exhibit 3 at paras 10, 17).

    The umbrella policy provides as follows:

We will pay "loss":
B.    Excess of the "primary" limit as listed in "Schedule A" or
C.    Excess of the retained limit (if the occurrence or offense is not covered by a primary policy but is otherwise covered by this policy) because of
Coverage A – "Bodily Injury",
Coverage B – "Property Damage",
Coverage C – "Personal Injury", or
Coverage D – "Advertising Injury".
"Loss" must be caused by an "occurrence" to which this policy applies and
    (1)    with respect to Coverage A or B, **the injury or damage must have occurred during the policy period; and prior to the policy period, no Insured** listed under Paragraphs 1. and 2. of Part IV - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, **knew that the "bodily injury" or "property damage" had occurred, in whole or in part.** If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.
    (2)    with respect to Coverage C or D, the offense must have been committed during the policy period.
"Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraphs 1. and 2. of Part IV - Who Is An Insured or any "employee" authorized by you to give or

13

    receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

    "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraphs 1. and 2 of Part IV - Who Is An Insured or an "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    (1)  Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    (2)  Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3)  Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

According to the underlying complaint, on or about March 9, 2000, the Lunsfords gave a checklist of items to the Company detailing problems with the home including cracking on the porch surface. (Complaint in underlying action attached as Exhibit 3 at paras 10, 17). Through the next three years, the Lunsfords assert that the Company, Allen and Arnberg continued inspecting the house and hired a structural engineer. (Complaint in underlying action attached as Exhibit 3 at para 10).

This umbrella policy was first in effect on January 24, 2002. The named insured (and/or its "employees") knew the alleged "bodily injury" or "property damage" had occurred, in whole or in part. Accordingly, the umbrella policy does not apply to this claim based upon the policy period.

**III. EMCC OWES NO DUTIES UNDER THE UMBRELLA POLICY TO THE COMPANY AND/OR ALLEN AS THE ALLEGED "BODILY INJURY" AND/OR "PROPERTY DAMAGE" COMMENCED PRIOR TO THE INCEPTION OF THE POLICY.**

This issue is similar to the issue addressed *supra*. While EMCC owes no duties under the umbrella policy as the alleged injury and damage was known prior to the policy period, the following exclusion applies a similar analysis and provides further support to this argument. The umbrella policy provides as follows:

> **Exclusion: "Bodily injury" or "property damage" which commences prior to inception of policy**
>
> This policy does not apply to any "bodily injury" or "property damage" which was in progress as of the inception date of this policy or with commenced, or which is alleged to have occurred, prior to the inception or effective date of this policy, whether such "bodily injury" or "property damage" is known, unknown or should have been known by any "insured". We have no duty to defend any "suit" or claim alleging such "bodily injury" or "property damage".
>
> This exclusion applies regardless of whether any "bodily injury" or "property damage" which commenced prior to the inception or effective date of this policy or which is, or is alleged to be occurring as the inception of this policy, continues or progressively deteriorates during or after this policy period.

As provided *supra,* according to the underlying complaint, on or about March 9, 2000, the Lunsfords gave a checklist of items to the Company detailing problems with the home including cracking on the porch surface. (Complaint in underlying action attached as Exhibit 3 at paras 10, 17).

Through the next three years, the Lunsfords assert that the Company, Allen and Arnberg continued inspecting the house and hired a structural engineer. (Complaint in underlying action attached as Exhibit 3 at para 10).

This umbrella policy was first in effect on January 24, 2002. The alleged "bodily injury" or "property damage" was in progress as of the inception date of this policy. Accordingly, the umbrella policy does not apply to this claim based upon this exclusion.

### IV. EMCC OWES NO DUTIES UNDER THE UMBRELLA POLICY TO THE COMPANY AND/OR ALLEN AS THE ALLEGED "BODILY INJURY" AND/OR "PROPERTY DAMAGE" ARE PRECLUDED BY THE EARTH MOVEMENT EXCLUSION.

Although EMCC owes no duties based upon the umbrella policy period and the knowledge of the alleged injury and/or damage prior to the policy inception as analysed *supra,* as in the CGL policy, the umbrella policy also contains an earth movement exclusion which similarly precludes a duty to defend and indemnify the Company and Allen. The umbrella policy provides as follows:

> **Exclusion: Injury or Damage from Earth Movement**
>
> The insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of, caused by, resulting from, contributed to, aggravated by, or related to earthquake, landslide, mudflow, subsidence, settling, slipping, falling away, shrinking, expansion, caving in, shifting, eroding, rising, tilting or any other movement of land, earth or mud.

The applicability of this exclusion is consistent as in the CGL policy. Accordingly, the Lunsfords' claim arises out of, was caused by, resulted from was aggravated by or related to settling, slipping, falling away, shrinking, expansion, caving in, shifting eroding, rising, tilting or any other movement of land, earth or mud. EMCC owes no duties to the Company and/or Allen for this claim.

## V. CONCLUSION

For the reasons stated above, EMCC is entitled to full and final summary judgment on the insurance coverage issues in this case as the Earth Movement Exclusion in both policies applies to this claim. Furthermore, specifically under the Umbrella Policy, any alleged "bodily injury" and/or "property damage" was known prior to the policy period and is excluded as the alleged injury or damage commenced prior to the policy inception. EMCC requests that the Court enter an order finding that:

A. EMCC does not have a duty to defend and/or indemnify the Company and/or Allen[6] for the claims asserted against them in the underlying action, and that EMCC is not required to satisfy any judgment and/or settlement entered against the Company and/or Allen in the underlying action;

---

[6] Also binding upon Arnberg as addressed *supra*.

B.  EMCC may immediately withdraw its defense of the Company and/or Allen and/or Arnberg in the underlying action; and

C.  Said judgment is final, there being no just reason for delaying the entry of final judgment.

Respectfully submitted,

/s/James A. Kee, Jr. ASB-4314-e68j
/s/Cynthia A. Martin ASB-2044-i49c
Attorneys for Plaintiff Employers Mutual Casualty Company

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive; Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

## **CERTIFICATE OF SERVICE**

I do hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Richard H. Allen
CAPELL HOWARD, PC
P.O. Box 2069
Montgomery, Alabama 36102-2069

Robert Jackson Russell, Jr
PARNELL & CRUM, PA
P.O. Box 2189
Montgomery, Alabama 36102-2189

/s/Cynthia A. Martin ASB-2044-i49c