**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL CASUALTY** | ) | |
| **COMPANY, an insurance company** | ) | |
| **incorporated in the State of Iowa;** | ) | |
| | ) | **CIVIL ACTION** |
| | ) | **NUMBER** |
| **Plaintiff,** | ) | |
| | ) | **2:05 -CV-01108-MEF** |
| **V.** | ) | |
| | ) | |
| **ARNBERG & ALLEN CONSTRUCTION,** | ) | |
| **L.L.C.; STEPHEN D. ARNBERG,** | ) | |
| **JIM ALLEN, MICHAEL O. LUNSFORD** | ) | |
| **and DEBRA O. LUNSFORD.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RULE 56(f) MOTION TO DENY**
**PLAINTIFF'S APPLICATION FOR SUMMARY JUDGMENT**
**OR, ALTERNATIVELY, TO CONTINUE PLAINTIFF'S MOTION**

Come now Defendants Arnberg & Allen Construction, L.L.C. and Jim Allen ("Defendants"), pursuant to Fed. R. Civ. P. 56(f) and 56(g), and hereby submit this Motion to Deny Plaintiff's Application for Summary Judgment or, Alternatively, to Continue Plaintiff's Motion. Defendants assert that Plaintiff Employers Mutual Casualty Company ("EMCC") failed to meet its evidentiary burden to establish its entitlement to summary judgment and its motion should therefore be denied. In the alternative, should the Court determine that EMCC did meet its initial burden for summary judgment, Defendants request that this Court enter an order continuing EMCC's Motion for Final Summary Judgment so that Defendants can conduct further discovery. As grounds for this motion, Defendants submit the Affidavit of Richard H. Allen, attached hereto as Exhibit A, and further state as follows:

**EMCC'S Motion for Summary Judgment Should Be Denied.**

1.      EMCC bears the burden of proof on its claims that there is no coverage under the insurance policies.  As such, EMCC "can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material facts, *i.e.,* facts that would entitle it to a directed verdict if not controverted at trial."  *See Wade v. Chase Manhattan Mortg. Corp.,* 994 F. Supp. 1369, 1375 (N.D. Ala. 1997) (citing *Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1115 (11th Cir. 1993)).   Alabama substantive law places an additional burden on EMCC.  The Alabama Supreme Court has stated as follows:

> "Further, this Court has ruled that exceptions to coverage must be interpreted as narrowly as possible to provide the maximum coverage available." It is well established ... that when doubt exists as to whether coverage is provided under an insurance policy, the language used by the insurer must be construed for the benefit of the insured.  Likewise, when ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording.

*Porterfield v. Audubon Indemn. Co.,* 856 So. 2d 789, 799-800 (Ala. 2002) (citations omitted). EMCC has failed to meet its burden.

2.      On October 25, 2006, EMCC filed its Motion for Final Summary Judgment and Memorandum Brief in Support thereof.  (Docs. 17 and 18)  Numbered paragraphs 3 through 10 of EMCC's Memorandum Brief consist entirely of allegations contained in the Lunsfords' Complaint in the underlying state court action which EMCC designates as "undisputed facts" in this case.  (Doc. 18 at pp. 2-4)  EMCC places particular significance upon an allegation contained in paragraph 17 of the Lunsford Complaint.  Attached hereto as Exhibit B is a true and correct copy of Defendants' Answer and Response to Plaintiffs' More Definite Statement, a copy of which was filed in the underlying state court action.  Therein, Defendants deny the material

allegations contained in the Lunsfords' Complaint, including the allegations contained in paragraph 17 of the Complaint.   Thus, these allegations that EMCC now asserts are "undisputed," are, in fact, disputed in the underlying state court case.

3.     The sole evidentiary submission filed by EMCC in support of its motion is the Affidavit of Rayford F. Smith.  (Doc. 19)  EMCC argues that Mr. Smith's Affidavit establishes that the damage to the Lunsfords' home was caused by "earth movement."  Therefore, according to EMCC, there is no coverage under the CGL policies and Umbrella Policy because damage caused by "earth movement" is excluded from coverage.  The entirety of Mr. Smith's opinion regarding the cause of the damage to the Lunsfords' home is contained in one word -- "settling." Mr. Smith's opinion is as follows:  "[T]he damage to the Lunsford home arises out of, was caused by, results from, was aggravated by, or was related to, settling."  (Doc. 19 at ¶ 6)

4.     EMCC provides no citation directing the Defendants, or the Court, to the pages in the various policies where the purported "earth movement" exclusions appear.  Rather, EMCC has simply submitted the five CGL policies (a total of 222 pages) and the Umbrella Policy (a total of 35 pages) and left it to the Defendants and the Court to find the exclusions upon which it relies.  **As for the CGL policy attached to EMCC's motion as Exhibit 1(a) (policy period July 22, 1999 through January 1, 2000), Defendants have been unable to find any "earth movement" exclusion contained within the policy or any "earth movement" exclusion endorsement.**  The remaining CGL policies do include endorsements entitled "Exclusion - Injury or Damage from Earth Movement."  These endorsements state that in order for these "earth movement" exclusions to apply, it must first be proven that the damage was caused from "settling … of *land, earth or mud*." (Emphasis added.)  (Doc. 17, Ex. 1(b) at p. 44; Ex. 1(c) at p.

33; Ex. 1(d) at p. 42)[1]  There is no reference in Mr. Smith's Affidavit that the "settling" to which

he is referring is that of "land, earth or mud."  Apparently, the Plaintiffs are asking the Court to

simply assume that the "settling" to which Mr. Smith refers must be to "land, earth or mud,"

rather than to some other type of "settling."  Indeed, the words "land, earth or mud," or any

similar words, do not appear in Mr. Smith's Affidavit.  Nor is there any indication that Mr. Smith

conducted any soils test or reviewed any reports related to the soil or earth at the Lunsford home.

In short, Mr. Smith's cryptic conclusion that the damage was caused by "settling" does not

satisfy EMCC's burden of proving that the damage was caused by "settling … of land, earth, or

mud."  Further, at least with respect to the CGL policies attached as Exhibits 1(b) and 1(c), the

"earth movement" exclusions contain the following limitation:  "With respect to 'bodily injury'

and 'property damage,' this exclusion only applies to the 'products -- completed operations

hazard.'"  (*See* Doc. 17, Ex. 1(b) at p.44, Ex. 1(c) at p. 33)  The term "products -- completed

operations hazard" is separately defined within each of these policies.  (Doc. 17, Ex. 1(b) at pp.

33-34 and 1(c) at pp. 30-31).  The definition of "products -- completed operations hazard" itself

contains numerous factual qualifications that must be established in order to find that it applies.

EMCC has provided absolutely no evidence establishing that any of these factors are present in

this case.  EMCC has clearly failed to meet its initial evidentiary burden of proving the "earth

movement" exclusions apply, particularly with respect to the CGL policies attached at Exhibit

1(a), 1(b) and 1(c).  Thus, EMCC's Motion for Final Summary Judgment should be denied.

     5.     Plaintiffs in the underlying state court action have also asserted various tort claims

against the Defendants, including fraud claims.  The "earth movement" exclusions would have

absolutely no application to the damages which Plaintiffs claim arose from the alleged fraud, *i.e.,*

---

[1]     The Umbrella Policy contains a nearly identical exclusion.  (Doc. 17, Ex. 2 at p. 7)

supposed damage from fraud would have been caused by a misrepresentation, not earth movement. For this additional reason, EMCC's motion should be denied.

6.      EMCC makes two additional arguments regarding the Umbrella Policy. (Doc. 18 at pp. 12-16) Both of these arguments are premised upon EMCC's claim that the Lunsfords first noticed the cracking in the porch area of their home in March of 2000, which was prior to the effective date of the Umbrella Policy (January 24, 2002). Unbeknownst to EMCC, in the underlying state action the Lunsfords now claim that they are entitled to recover from the Defendants based upon damage to a separate part of their residence, *i.e.,* not in the porch area. (Ex. A, at ¶ 5) According to the Lunsfords, this separate damage did not develop until sometime after the damage to the porch area was discovered. (*Id.*) As such, these additional damages may have arisen during the Umbrella Policy period. At the very least, for the reasons stated below, Defendants are entitled to additional discovery on this issue.

7.      In short, EMCC's one word evidentiary submission that some of the damage was caused by "settling" clearly falls short of meeting its evidentiary burden. Thus, EMCC's Motion for Final Summary Judgment should be denied.

**<u>Defendants Are Entitled to Conduct Further Discovery</u>**

8.      In the alternative, should the Court conclude that EMCC met its initial burden on any of its claims for summary judgment, Defendants request that this Court continue the motion until Defendants have had the opportunity to obtain, through further discovery, essential facts necessary for its opposition to that motion.

9.      On May 9, 2006, the undersigned served discovery requests on EMCC. (Ex. A at ¶ 1) On or about June 7, 2006, the undersigned granted to counsel for EMCC an additional 30 days to respond to these discovery requests. (*Id.*) Thereafter, on at least two occasions, the

undersigned spoke with EMCC's counsel regarding the discovery responses and was assured on both occasions that responses would be forthcoming. (*Id.*) The undersigned has never received a response to these discovery requests. (*Id.*)

10.    On or about August 23, 2006, the undersigned received a Notice of Inspection from EMCC's attorney, informing him that EMCC would be conducting an inspection of the Lunsfords' home. (*Id.* at ¶ 2) In response, the undersigned notified counsel for EMCC that he would not attend that inspection, but that he expected information related to that inspection to be disclosed as part of EMCC's discovery responses. (*Id.*)

11.    EMCC never disclosed the identity of its inspector, Rayford F. Smith, or his opinion until the undersigned received a "courtesy" copy of EMCC's Motion for Final Summary Judgment on October 24, 2006. (*Id.* at ¶ 3) Along with this courtesy copy was a cover letter from EMCC's attorney stating that there was "no coverage" under the policies at issue in this litigation. (*Id.*) A mediation was conducted in the underlying state court action on that same day (October 24). (*Id.* at ¶ 4) The undersigned attended that mediation. (*Id.*) The mediator and other attorneys of record in the underlying state court action also received on the morning of the mediation the above-referenced "courtesy" copy of EMCC's Motion for Final Summary Judgment and cover letter. (*Id.*)

12.    EMCC will not be burdened by a continuation of its summary judgment motion. Indeed, EMCC finds itself in this position due to its own refusal to respond to outstanding discovery requests. EMCC's refusal to respond to discovery is sufficiently set forth in the Defendants' Motion to Compel Discovery Responses. (Doc. 18) This Court granted that motion on October 26, 2006, and ordered EMCC to provide responses by November 3, 2006. (Doc. 20)

Had EMCC promptly and properly responded to Defendants' discovery, perhaps discovery would have proceeded to a point where Defendants could now respond to EMCC's motion.

13.     As set forth herein, this is not a case in which the non-moving party has not been diligent in discovery. In hindsight, perhaps the undersigned was too courteous in his dealings with EMCC regarding discovery, *i.e.,* a motion to compel should have been filed earlier. However, the *Guidelines to Civil Discovery Practice in the Middle District of Alabama* stress that attorneys should endeavor to conduct discovery "with a spirit of ordinary civil courtesy and honesty," and with an expectation "that discovery will proceed without the intervention of the Court." The undersigned chose to believe EMCC's counsel's representations that it would respond to the outstanding discovery requests. The undersigned did not expect EMCC to completely ignore those discovery requests and ignore its own assurances of compliance, and thereafter file a motion for summary judgment in which they disclose for the first time the identity and opinion of their inspector. Nevertheless, just two days after this disclosure (and one day after EMCC filed its motion), the undersigned faxed the letter attached hereto as Exhibit C to counsel for EMCC, requesting convenient dates for the deposition of Mr. Smith. (Ex. A at ¶ 6) The undersigned has not received any response. (*Id.*) It is essential that the Defendants, at the very least, depose Mr. Smith prior to responding to EMCC's Motion for Final Summary Judgment. (*Id.* at ¶ 7) Mr. Smith's Affidavit summarily concludes that some of the damage to the Lunsford home "arises out of, was caused by, results from, was aggravated by or was related to settling." There is nothing within Mr. Smith's Affidavit explaining what is meant by the term "settling." Specifically, Defendants do not know whether the "settling" referred to in Mr. Smith's Affidavit is the same as "settling ... of land, earth or mud" as referenced in the policies. (*Id.*) Further, Defendants have not been provided copies of any report, notes or other documents

prepared or used by Mr. Smith related to his inspection and opinion. (*Id.*) Defendants have no idea what Mr. Smith's inspection consisted of, whether or not he conducted any tests, the results of any tests, whether Mr. Smith is stating an opinion as to the cause of the damage at the porch area of the home only or as to all the damage, whether Mr. Smith is qualified to make these determinations, *etc.* (*Id.*) Defendants also believe that responses by EMCC to the overdue discovery requests, which have been ordered by this Court to occur no later than November 3, 2006, will disclose other evidence vital to Defendants' Opposition to EMCC's Motion for Final Summary Judgment, including the existence of other policies issued by EMCC which are not referenced in its motion (*see* Defendants' Interrogatory No. 1) (Doc. 16 at Ex. A), dates upon which EMCC learned of the underlying claims (*see* Defendants' Interrogatory No. 4), all information utilized by EMCC to conclude that there is no coverage (*see* Defendants' Interrogatory No. 8), and information and documents related to all inspections conducted by EMCC (*see* Defendants' Interrogatory No. 15 and Request for Production of Documents No. 1). (*Id.*) The discovery deadline in this case is not until March 16, 2007. (Doc. 14)

14.     Pursuant to Rule 56(g), Defendants move this Court for an order awarding them their expenses and attorneys' fees incurred in responding to EMCC's Motion for Final Summary Judgment. The timing of EMCC's filing, and the substance of its motion, leave little doubt that the sole purpose of its motion was to sabotage any chance of a settlement at the mediation of the underlying state court action. As demonstrated above, EMCC circulated a "courtesy" copy of their motion, along with a cover letter stating that there was "no coverage," to the mediator and the attorneys in the underlying state court action the day of mediation. Further, at the time EMCC filed its motion, it had refused to provide any responses to discovery requests that had been outstanding for over five months. The sole evidentiary submission provided by EMCC to

support its motion for summary judgment is one cryptic affidavit which states nothing more than EMCC's "expert" believes that some of the damage to the Lunsford home was caused by "settling." Lastly, although EMCC's Complaint contains a laundry list of policy provisions it argues establish that the policies do not provide coverage, EMCC's motion for summary judgment as to the CGL policies is based solely on the "earth movement" exclusion. EMCC than cavalierly reserves unto itself the right to file additional summary judgment motions based on other grounds should this Court deny its summary judgment on the "earth movement" exclusion. Defendants should not have had to respond to EMCC's clearly premature motion simply because EMCC desired to "torpedo" a settlement in the underlying state court case. Further, Defendants should not be forced to expend considerable resources responding to multiple summary judgment motions (which EMCC apparently intends to trot out in piecemeal fashion) should this premature motion be denied. Defendants assert that these facts demonstrate that EMCC's motion was filed in bad faith or for the sole purpose of delay, thus entitling Defendants to an award of expenses and attorneys' fees incurred in responding to this motion.

WHEREFORE, based upon the foregoing, Defendants Arnberg & Allen Construction, LLC and Jim Allen request that this Court enter an order denying EMCC's Motion for Final Summary Judgment or, in the alternative, enter an order continuing that motion pursuant to Rule 56(f). Defendants also move this Court for an award of expenses and attorneys' fees incurred in responding to EMCC's motion, and such other remedies as the Court deems appropriate.

Respectfully submitted this 31st day of October, 2006,


/s/ Richard H. Allen
Richard H. Allen       (ALL003)

Attorney for Defendants Arnberg & Allen
Construction, L.L.C and Jim Allen

9

OF COUNSEL:

**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
(334) 241-8000


### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on October 31, 2006 using the CM/ECF system which will send notification of such to the following:

James A. Kee, Jr.
Cynthia A. Martin
Kee & Selby
1900 Internal Park, Suite 220
Birmingham, AL 35243

Robert J. Russell, Jr., Esq.
Parnell & Crum, P.A.
641 S. Lawrence St.
Montgomery, AL 36104


/s/ Richard H. Allen_____
Of Counsel