# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY, an insurance company incorporated in the State of Iowa;** | ) ) ) ) ) | |
| | | **CIVIL ACTION NUMBER** |
| **Plaintiff,** | ) ) | |
| **V.** | ) ) | **2:05 -CV-01108-MEF** |
| **ARNBERG & ALLEN CONSTRUCTION, L.L.C.; STEPHEN D. ARNBERG, JIM ALLEN, MICHAEL O. LUNSFORD and DEBRA O. LUNSFORD.** | ) ) ) ) ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF RICHARD H. ALLEN

Richard H. Allen, being duly sworn, does state as follows:

1.       I represent the Defendants Arnberg & Allen Construction, L.L.C. and Jim Allen in this lawsuit.  On May 9, 2006, I served the discovery requests attached as Exhibit A to my previously filed Motion to Compel Discovery Responses (Doc. 16) on Employers Mutual Casualty Company ("EMCC").  On or about June 7, 2006, I granted to counsel for EMCC an additional 30 days to respond to my discovery requests.  Thereafter, on at least two occasions, I spoke with EMCC's counsel regarding the discovery responses and was assured on both occasions that responses would be forthcoming.  I have never received a response to these discovery requests.

2.       On or about August 23, 2006, I received a Notice of Inspection from EMCC's attorney, informing me that EMCC would be conducting an inspection of the residence at issue in the underlying state court action.  In response, I notified counsel for EMCC that I would not

attend that inspection, but that I expected information related to that inspection to be disclosed in EMCC's discovery responses.

3.    EMCC never disclosed the identity of its inspector, Rayford F. Smith, his opinion as to the cause of the damage to the Lunsfords' home, or any other information related to his inspection until it circulated a "courtesy" copy of its Motion for Final Summary Judgment on October 24, 2006.  Along with this courtesy copy was a cover letter from EMCC's attorney stating that there was "no coverage" under the policies at issue in this litigation.  A true and correct copy of this cover letter is attached to my previously filed Motion to Compel as Exhibit C.

4.    A mediation was conducted in the underlying state court action on October 24, 2006.  I attended that mediation.  The mediator and other attorneys of record in the underlying state court action also received on the morning of mediation the above-referenced "courtesy" copy of EMCC's Motion for Final Summary Judgment and cover letter.

5.    Through my involvement in the underlying state court action, which included attending mediation and discussions with all attorneys of record in that case, I am aware that the Lunsfords now claim that there is damage not only to the porch area of their house, but also damage to the garage and driveway area, which did not develop, appear or occur until sometime after the damage to the porch area was noticed.

6.    Attached to Defendants' Rule 56(f) Motion as Exhibit C is a copy of a letter I faxed to counsel for EMCC and counsel for the Lunsfords on October 26, 2006, requesting convenient dates for the deposition of Mr. Smith.  I have not received any response from either attorney.

7.      It is essential that the Defendants, at the very least, depose Mr. Smith prior to responding to EMCC's Motion for Final Summary Judgment.  Mr. Smith's Affidavit summarily concludes that some of the damage to the Lunsford home "arises out of, was caused by, results from, was aggravated by or was related to settling."  There is nothing within Mr. Smith's Affidavit explaining what is meant by the term "settling."  Therefore, at present, Defendants have no idea what Mr. Smith means by simply referring to "settling."  Specifically, Defendants do not know whether the "settling" referred to in Mr. Smith's Affidavit is the same as "settling … of land, earth or mud" as referenced in the policies.  Further, Defendants have not been provided copies of any report, notes or other documents prepared or used by Mr. Smith related to his inspection and opinion.  Defendants have no idea what Mr. Smith's inspection consisted of, whether or not he conducted any tests, whether Mr. Smith is stating an opinion as to the cause of the damage at the porch area of the home only or as to all the damage, the results of any tests, whether Mr. Smith is qualified to make these determinations, *etc.*  Defendants also believe that responses by EMCC to the overdue discovery requests, which have been ordered by this Court to occur no later than November 3, 2006, will disclose other evidence vital to Defendants' Opposition to EMCC's Motion for Final Summary Judgment, including the existence of other policies issued by EMCC which are not referenced in its motion (*see* Defendants' Interrogatory No. 1) (Doc.16 at Ex. A)), dates upon which EMCC learned of the underlying claims (*see* Defendants' Interrogatory No. 4), all information utilized by EMCC to conclude that there is no coverage (*see* Defendants' Interrogatory No. 8), and information and documents related to all inspections conducted by EMCC (*see* Defendants' Interrogatory No. 15 and Request for Production of Documents No. 1).

FURTHER AFFIANT SAYETH NOT.

_____

Richard H. Allen

Subscribed and sworn to before me this _____ day of October, 2006.


_____

Notary Public, State at Large
My Commission Expires: _____

( S E A L )