IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>ARNBERG & ALLEN CONSTRUCTION, )<br>L.L.C.; STEPHEN D. ARNBERG, )<br>JIM ALLEN, MICHAEL O. LUNSFORD )<br>and DEBRA O. LUNSFORD. )<br>)<br>Defendants. ) | CIVIL ACTION NO:<br>2:05 -CV-01108-MEF |

### EMPLOYERS MUTUAL CASUALTY COMPANY'S SUPPLEMENTAL MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION FOR FINAL SUMMARY JUDGMENT

COMES NOW Plaintiff, Employers Mutual Casualty Company ("EMCC"), and submits this Supplemental Memorandum Brief in Support of its Motion for Summary Judgment. EMCC is entitled to summary judgment in this matter as it does not owe a duty to defend or indemnify Arnberg & Allen Construction, LLC (hereinafter "the Company") and/or Jim Allen (hereinafter "Allen")[1] for the claims asserted against them in the

---

[1] On February 15, 2006, a default judgment was entered against defendant Stephen D. Arnberg (hereinafter "Arnberg"). The arguments asserted in this Brief against Allen apply equally to Arnberg. Accordingly, Arnberg is bound by the determination of this Court should the default ever be set aside.

1

underlying action[2].  Accordingly, EMCC is not required to provide a defense and/or satisfy any judgment and/or settlement entered against the Company and/or Allen in the underlying action.  EMCC incorporates all grounds previously asserted in its original motion for summary judgment and further provides that it is entitled to summary judgment as the Company and Allen breached the notice provisions in the commercial general liability policies.

## I.  UNDISPUTED FACTS

1. EMCC issued Commercial General Liability Policy Number 2D0-72-42 to the Company with effective policy dates of July 22, 1999 through January 1, 2000.  This Policy was renewed with effective dates of January 1, 2000 through January 1, 2003. (hereinafter "the CGL Policy").  True and correct copies of the Policies from effective dates July 22, 1999 through January 1, 2003 was previously attached to EMCC's Motion for Summary Judgment as Exhibit 1 and the provisions of the Policies are adopted and incorporated herein by reference.

2. This claim arises out of a lawsuit filed June 24, 2005 in the Circuit Court of Elmore County, Alabama.  (Complaint in underlying action previously attached as Exhibit 3).

---

[2]The underlying action is pending in the Circuit Court of Elmore County, Alabama styled, *Michael and Debra Lunsford v. Arnberg & Allen Construction, et. al,* docket number CV 05-302 ("the underlying action").

3. The underlying lawsuit was brought by Michael and Debra Lunsford against the Company, Arnberg and Allen regarding the construction of the Lunsford's home. (Complaint in underlying action previously attached as Exhibit 3).

4. According to the underlying complaint, in **March 2000**, the Lunsfords' claim that they notified the Company of the alleged defects in the structure of their residence. (Complaint in underlying action previously attached as Exhibit 3 at para 17).

5. On **October 27, 2004**, EMCC was notified of this claim. (Affidavit of Terry Hardesty, attached as Exhibit 5).

## II.  SUMMARY OF THE ARGUMENT

**CGL Policy**

EMCC owes no duties to the Company and Allen as they failed to comply with the policy conditions.[3]

## III.  ARGUMENT

### I.  The Company and Allen Breached the Notice Conditions.

The Policy contains a standard provision requiring the Company and Allen to notify EMCC "as soon as practicable of an 'occurrence' or an

---

[3] By asserting this argument EMCC is not waiving any argument previously asserted in its brief in support of motion for summary judgment previously filed. EMCC is supplementing the brief filed previously.

3

offense which may result in a claim. (Policy previously attached to the Motion for Summary Judgment as Exhibit 1).

According to the underlying complaint, in March 2000, the Lunsfords' claim that they notified the Company of the alleged defects in the structure of their residence. EMCC was not notified of this claim until October 27, 2004. (Affidavit of Terry Hardesty, attached as Exhibit 5). The Company and Allen did not notify EMCC until **four years and eight months** after the Lunsfords' notified them of the alleged problems made the basis of the underlying action.

Compliance with the notice requirements set forth in an insurance policy is a condition precedent to recovery. Failure of the insured to comply with the requirements relieves the insurer of liability. See <u>State Farm Fire & Cas. Co. v. Wiggins</u>, 972 F.Supp. 570, 573 (M.D. Ala. 1997) (Judge Albritton granted insurer's motion for summary judgment in declaratory judgment action when notice was provided more than one year after the lawsuit was filed.); <u>Reeves v. State Farm Fire and Cas. Co.</u>, 539 So. 2d 252, 254 (Ala. 1989) ("Our cases have consistently held ... that the failure of an insured to comply within a reasonable time with such conditions precedent in an insurance policy requiring the insured to give notice of an accident or occurrence releases the insurer from obligations imposed by the insurance contract.").

4

The terms 'promptly' and 'as soon as practicable' have been construed many times by the Alabama Supreme Court to mean that notice must be given within a reasonable time in view of the facts and circumstances of the case.  Reeves, 539 So. 2d at 255 (citations omitted).  "In judging the reasonableness of the delay in giving notice to an insurer, there are only two factors to consider: [1] the length of delay and [2] the reasons for the delay."  Aetna Ins. Co. v. Spring Lake, Inc., 350 So. 2d 397, 400 (Ala. 1977) (citation omitted).  **The burden is on the insured** to "establish a compliance with the provision respecting the giving of notice of an occurrence 'as soon as practicable,' or in the alternative to show a valid reason for not giving such notice as soon as practicable."  Phoenix Assurance Co. of N.Y. v. Harry Harless Co., Inc., 303 F.Supp. 867, 868 (N.D. Ala. 1969), aff'd, 414 F.2d 794 (5th Cir. 1969).  Moreover, courts in Alabama have long held that whether the insurer was prejudiced by the delay is immaterial to the issue of timely notice.  See American Fire & Cas. Co. v. Tankersley, 270 Ala. 126, 130, 116 So. 2d 579, 582 (1959); Big Three Motors, Inc. v. Employers Ins. Co., 449 So. 2d 1232, 1235 (Ala. 1984).

It is undisputed that the Company was given notice of a matter 'that may result in a claim' and it chose not to notify EMCC until over four years later. (Affidavit of Terry Hardesty, attached as Exhibit 5).

The Alabama Supreme Court has addressed several instances involving far less delay by the insured, yet found that the insured breached notice provisions almost identical to those in the subject Policy. In <u>Southern Guaranty Ins. Co. v. Thomas</u>, 334 So. 2d 879 (Ala. 1976), the insured strung a cable across a road to discourage trespassers. The cable knocked off a motorcycle rider causing severe injuries. Within one day of the accident the insured was informed of the occurrence by the sheriff. Within two weeks of the accident, the insured received correspondence from an attorney threatening a lawsuit and informing the insured to place his homeowner's insurer on notice of the accident. The insured sought legal advice and did not inform his insurer until **six months** later after the lawsuit was filed against him. As in the EMCC policy, the insurance policy in <u>Thomas</u> required notification of an accident or occurrence "'as soon as practicable.'" <u>Thomas</u>, 334 So. 2d at 881-82. After the insurer filed a declaratory judgment action, the trial court entered judgment in favor of the insured on the issue of notice. <u>Id.</u> at 882. The Alabama Supreme Court reversed the trial court's ruling and rendered judgment for the insurer based on the finding that "the [six month] delay was unreasonable as a matter of law." <u>Id.</u> at 885; <u>see also</u> <u>Tankersley</u>, 270 Ala. at 129, 116 So. 2d at 580(holding that **nine month delay** from date of slip and fall accident and one month delay from date lawsuit was filed was unreasonable); and <u>Sears, Roebuck &</u>

6

Co. v. Southern Guaranty Ins. Co., 675 So. 2d 449, 451 (Ala. Civ. App. 1996) (finding that insurer was entitled to judgment as a matter of law on issue of late notice when insured attended a meeting with plaintiff's counsel who threatened to file a lawsuit and who waited **eight months** after the lawsuit was filed to notify the insurer).

Federal courts in Alabama have also ruled in favor of insurers based on delayed notification of lawsuits. Judge Lynne granted the insurer's motion for summary judgment in Acceptance Ins. Co. v. Schafner, 651 F.Supp. 776 (N.D. Ala. 1986). In Schafner, the underlying plaintiff was bitten by the insured's guard dog. Prior to filing a lawsuit, the plaintiff's attorney contacted the insured to instruct the insured to place his insurer on notice of this claim. The insured, however, failed to provide notice to the insurer until **six months** after the occurrence and almost two months after the lawsuit was filed against the insured. Judge Lynne relied on Southern Guaranty Ins. Co. v. Thomas, in finding that "[u]nder Alabama law, a delay of this length warrants summary judgment in favor of the insurer." Schafner, 651 F.Supp. at 777-78. See also Phoenix, 303 F.Supp. at 870(finding that insured's failure to give notice of a potential claim for **four months** was untimely when the insured's president was advised that the fire spread due to the failure of the fire extinguisher(s) and the insured's president found that the extinguisher(s) were serviced by the insured).

7

Notifying EMCC of the claim giving rise to the underlying action more than four years after receiving notification of alleged problems with the home is not notice as soon as practicable. The Company and Allen's **four year and eight month delay** is unreasonable as a matter of law. The Company and Allen breached the notice provisions in the policy.

### V.  CONCLUSION

For the reasons stated above, EMCC is entitled to full and final summary judgment on the insurance coverage issues in this case as the Company and Allen breached the notice provisions in the policy. EMCC requests that the Court enter an order finding that:

- A. EMCC does not have a duty to defend and/or indemnify the Company and/or Allen[4] for the claims asserted against them in the underlying action, and that EMCC is not required to satisfy any judgment and/or settlement entered against the Company and/or Allen in the underlying action;

- B. EMCC may immediately withdraw its defense of the Company and/or Allen and/or Arnberg in the underlying action; and

- C. Said judgment is final, there being no just reason for delaying the entry of final judgment.

---

[4] Also binding upon Arnberg as addressed *supra*.

        Respectfully submitted,

        /s/James A. Kee, Jr. ASB-4314-e68j
        /s/Cynthia A. Martin ASB-2044-i49c
        Attorneys for Plaintiff Employers Mutual Casualty Company

OF COUNSEL:
KEE & SELBY, L.L.P.
1900 International Park Drive; Suite 220
Birmingham, Alabama 35243
(205)968-9900 (phone)
(205)968-9909 (fax)

## CERTIFICATE OF SERVICE

I do hereby certify that on December 1, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Richard H. Allen
CAPELL HOWARD, PC
P.O. Box 2069
Montgomery, Alabama 36102-2069

Robert Jackson Russell, Jr
PARNELL & CRUM, PA
P.O. Box 2189
Montgomery, Alabama 36102-2189

        /s/Cynthia A. Martin ASB-2044-i49c